# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DOROTHY STRICKLAND,

    Plaintiff,

v.

WAL-MART STORES, INC.; and SCOTT KITTLE,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-58

## **O R D E R**

Defendants Wal-Mart Stores, Inc., and Scott Kittle removed this case from the State Court of Wayne County, Georgia, to this Court on May 23, 2017. (Doc. 1.) On this same date, these Defendants filed a Motion to Dismiss for Fraudulent Joinder, (doc. 7), to which Plaintiff has not yet responded. These Defendants also moved to stay discovery and pretrial deadlines in this case until their Motion to Dismiss is resolved. Upon careful consideration, the Court **GRANTS** Defendants' unopposed Motion to Stay. (Doc. 8.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motion and that no prejudice will accrue to the parties if Defendants' request is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY **ORDERED** that all proceedings, including discovery, are **STAYED** pending a ruling by the Court on Defendants' Motion to Dismiss. IT IS FURTHER **ORDERED** that, within **fourteen (14) days** following the Court's ruling on Defendants' Motion to Dismiss, the parties are directed to meet and confer pursuant to Rule 26(f).[1]

---

[1] The Court notes the parties met and conferred on June 6, 2017, and filed their Rule 26(f) Report on June 20, 2017. (Doc. 9.) However, the Court nevertheless directs the parties to meet and confer and file an Amended Rule 26(f) Report after the Court enters a ruling on Defendants' Motion to Dismiss.

Additionally, the parties are to file a Rule 26(f) Report **within seven (7) days** of the Rule 26(f) conference, at which time the Court will enter a Scheduling Order.

**SO ORDERED**, this 22nd day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA