# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DOROTHY STRICKLAND,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.: 2:17-cv-58

## **O R D E R**

This matter is before the Court on Plaintiff's Motion to Hold in Abeyance, (doc. 23), and Defendant's Motion to Strike Jasmine Castro's Declaration, (doc. 32). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

## BACKGROUND

Plaintiff filed a cause of action in the Wayne County State Court on January 30, 2017, resulting from her alleged slip and fall accident occurring at Wal-Mart in Jesup, Georgia, in February 2015. (Doc. 1, pp. 1–2, 10.) On May 23, 2017, Defendant Wal-Mart Stores, Inc. ("Defendant") and former Defendant Scott Kittles[1] filed a Notice of Removal in this Court based on the parties' diversity of citizenship. (Id. at p. 3.) This Court entered a Scheduling Order on July 20, 2017, directing the parties to complete all written discovery and discovery depositions by October 10, 2017, and to file all motions by November 9, 2017. (Doc. 13, p. 2.) The Court later amended certain deadlines upon the parties' request, with all discovery depositions to be completed by December 29, 2017, and all motions were to be filed by January 26, 2018. (Doc. 17.)

---

[1] Scott Kittle was dismissed as a named Defendant by Order dated June 27, 2017. (Doc. 11.)

Defendant filed its Motion for Summary Judgment on January 26, 2018, (doc. 19), to which Plaintiff responded, (doc. 24). Plaintiff filed her Motion to Hold in Abeyance on March 2, 2018, and Defendant filed its Response. (Docs. 23, 30.) Defendant filed its Motion to Strike on March 30, 2018, (doc. 32), and Plaintiff has failed to respond.

**DISCUSSION**

**I.     Plaintiff's Motion to Hold in Abeyance**

Plaintiff asserts she discovered Jerrell Harris, a Wal-Mart employee and material witness with vital testimony to provide in opposition to Defendant's Motion for Summary Judgment, after the discovery period ended. (Doc. 23, pp. 1–2.) Plaintiff requests that the Court hold in abeyance any ruling on Defendant's Motion for Summary Judgment until after she can depose Mr. Harris. (Id. at p. 1.)

In response, Defendant states this case has been pending for over a year, and Plaintiff has had more than three years' time to discover all witnesses and to depose those witnesses. (Doc. 30, p. 1.) Specifically, Defendant alleges Plaintiff's counsel informed its counsel that Mr. Harris approached Plaintiff's daughter-in-law on the date Plaintiff allegedly suffered her accident, yet Plaintiff was not aware of this conversation until more than two years after it occurred and over two weeks after Defendant filed its Motion for Summary Judgment. (Id. at p. 3.) Defendant maintains Plaintiff did not disclose this conversation in her written discovery responses and failed to mention it during her deposition. Defendant alleges it had no reason to know of Mr. Harris' involvement with the facts underlying this cause of action until February 2018. (Id.) In contrast, Defendant avers Plaintiff was in a position to discover this conversation well before she filed her cause of action, yet she waited to disclose this conversation until after Defendant filed its dispositive motion.

As Defendant notes, Plaintiff cites no authority on which to base her Motion. Federal Rule of Civil Procedure 56(d) provides, however, that a nonmovant can show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Upon such a showing, a court may "defer considering the motion [for summary judgment] . . .;" or "allow time to obtain affidavits or declarations or to take discovery[.]" Fed. R. Civ. P. 56(d)(1), (2); see also Wingster v. Head, 318 F. App'x 809, 813 (11th Cir. 2009) (per curiam) (stating that the rule now designated as Rule 56(d) allows a district court to hold a motion for summary judgment in abeyance and allow for additional discovery when the party opposing the motion makes a sufficient showing of the need for the additional discovery).

"In applying this rule, courts . . . have held that a party opposing a summary judgment motion in this fashion 'must conclusively justify his entitlement to the shelter of Rule 56[(d)] by presenting specific facts explaining the inability to make a substantive response.'" Geathers v. Bank of Am., N.A., No. 1:14-CV-00850-WSD, 2015 WL 5089347, at *5 (N.D. Ga. July 6, 2015) (alteration in original) (quoting Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1338 (11th Cir. 2012)), *objections sustained in part and overruled in part*, 2015 WL 5092506 (N.D. Ga. Aug. 27, 2015). "The party seeking to use Rule 56(d) 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Id. (quoting Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983); citing Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1294 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.) (same); accord SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir.

1980)).[2]  The decision to grant or deny a Rule 56(d) motion lies within the sound discretion of the trial judge.  Smith v. Fla. Dep't of Corrs., 713 F.3d 1059, 1063 (11th Cir. 2013).

Here, all Plaintiff offers is that she was unaware of Mr. Harris until after the discovery period ended.  (Doc. 23, p. 2.)  However, Plaintiff does not offer this conclusory statement by way of affidavit or declaration, as Rule 56(d) requires.  Even if Plaintiff had provided this explanation via the proper form, she has failed to show why she could not and did not present Mr. Harris as a witness with "vital testimony and evidence which is material to [her] ability to defend against" Defendant's Motion for Summary Judgment prior to filing her Motion on March 2, 2018.  (Id. at pp. 1–2.)  Moreover, Plaintiff fails to specify the nature of Mr. Harris' "vital testimony and evidence" or how this testimony and evidence will serve to rebut Defendant's Motion for Summary Judgment.

Further, Plaintiff had ample opportunity to discover Mr. Harris and the nature of his evidence and testimony through the discovery processes.  As detailed above, Plaintiff's alleged slip and fall occurred in February 2015, and she filed suit in the State Court of Wayne County on January 30, 2017.  (Doc. 1, p. 10.)  Defendant removed this cause of action to federal court on May 23, 2017.  (Doc. 1.)  By the Court's original Scheduling Order, the parties were to have all discovery, including all discovery depositions, completed by October 10, 2017.  (Doc. 13, p. 2.) The Court later extended the discovery deposition deadline (for experts) until December 29, 2017.  (Doc. 17, p. 2.)  It appears Plaintiff expects this Court to believe that, from the date of Plaintiff's slip and fall until the date she filed the instant Motion—a period of more than three (3) years' time—Plaintiff could not have discovered Mr. Harris or his knowledge of this cause of action.  Plaintiff does not offer any unique circumstances that prevented her from discovering

---

[2]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

this information. Rather, it appears that Plaintiff had more than ample time to discover Mr. Harris' knowledge of the instant slip and fall incident, yet she failed to do so. Further, the sudden emergence of Mr. Harris as a witness in this case years after the incident and in the wake of Defendant's summary judgment filing is specious to say the least.

Simply put, Plaintiff fails to establish her entitlement to the shelter of Rule 56(d). See McIntyre v. Marriot Ownership Resorts, Inc., Civil Action No. 13-80184, 2015 WL 162948, at *6 (S.D. Fla. Jan. 13, 2015) (denying motion to hold summary judgment ruling in abeyance where plaintiffs had four months to gather evidence to oppose the summary judgment motion and failed to do so and also failed to show how any of the desired testimony and evidence would help plaintiffs oppose the summary judgment motion). Accordingly, the Court **DENIES** Plaintiff's Motion to Hold in Abeyance. The Court will enter a ruling on Defendant's Motion for Summary Judgment in the normal course of business.

**II.     Defendant's Motion to Strike**

Defendant asserts Plaintiff failed to disclose Jasmine Castro throughout a year-long discovery period, despite the disclosure requirements of the Federal Rules of Civil Procedure. (Doc. 32, p. 1.) Defendant alleges Plaintiff did not disclose Ms. Castro, a former Wal-Mart associate, until after Defendant filed its Motion for Summary Judgment. In fact, Plaintiff's Response to the summary judgment motion relies on Ms. Castro's declaration. Additionally, Defendant notes Ms. Castro is Plaintiff's daughter-in-law, and she had access to Ms. Castro for more than three years' time prior to disclosing her, yet Plaintiff waited to disclose Ms. Castro until after Defendant conducted discovery, prepared defenses, and filed its Motion for Summary Judgment. (Id.) Defendant avers the timing and circumstances surrounding the submission of

Ms. Castro's declaration are improper, and the Court should strike this declaration. (Id. at pp. 1–2.)

Except under certain circumstances not relevant here, a party "must, without awaiting a discovery request, provide . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, a party who has made its initial disclosures pursuant to Rule 26(a) "or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); McIntyre, 2015 WL 162948, at *7. If a party fails to comply with Rule 26, a court acts within its discretion "by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c)." Faulk v. Volunteers of Am., 444 F. App'x 316, 317–18 (11th Cir. 2011) (per curiam).

Plaintiff failed to disclose Ms. Castro in her initial disclosures or in response to Defendant's discovery requests. (Doc. 32, p. 4; Doc. 32-1.) Plaintiff also failed to disclose Ms. Castro's knowledge of relevant information during her deposition, despite Defendant's counsel asking Plaintiff on numerous occasions whether she spoke to any Wal-Mart associates or anyone

else besides her son about the slip and fall. (Doc. 32-2, pp. 2, 4–5, 6, 7.) Plaintiff's failure to disclose Ms. Castro until she filed her Response to Defendant's Motion for Summary Judgment runs afoul of the Federal Rules of Civil Procedure, as well as an order of this Court, which was issued the same date Defendant filed its Notice of Removal. (Doc. 2, p. 2 ("The parties shall also make or arrange for the disclosures required by Rule 26(a)(1)[]").) In addition, Plaintiff has failed to respond to Defendant's Motion to Strike, which, in turn, highlights her complete lack of justification for her failure to disclose Ms. Castro prior to March 2, 2018, the date she responded to Defendant's Motion for Summary Judgment. Consequently, the Court **GRANTS** Defendant's Motion to Strike. Plaintiff cannot rely on Ms. Castro's declaration to oppose Defendant's Motion for Summary Judgment or for any other purpose.[3]

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Hold in Abeyance, (doc. 23), and **GRANTS** Defendant's Motion to Strike Jasmine Castro's Declaration, (doc. 32).

**SO ORDERED**, this 3rd day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff's counsel's submission of Ms. Castro's declaration, (doc. 24-1), troubles the Court. As noted above, Ms. Castro is a former Wal-Mart associate and Plaintiff's daughter-in-law. Moreover, in her declaration, Ms. Castro states she was working at Wal-Mart on the date of Plaintiff's accident and was able to see Plaintiff "[s]everal minutes" after the accident. (Id.) Given Plaintiff's relationship with Ms. Castro and Ms. Castro's statements in her declaration, it is distressing that Plaintiff's counsel did not disclose Ms. Castro until after Defendant filed its Motion for Summary Judgment. Defendant's assertion that it has evidence Ms. Castro was not even working on the date in question is also troubling, (doc. 32, p. 3 n.2). Plaintiff's counsel had the opportunity to refute this assertion, but entirely failed to do so.