# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

DOROTHY STRICKLAND,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CV 217-058

## ORDER

Following oral argument, the Court **GRANTED** the summary judgment motion filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Dkt. No. 35. This Order memorializes the facts and law that compel this Court to grant the motion.

## UNDISPUTED FACTS

The undisputed facts are easily discerned. As conceded by Plaintiff during oral argument and confirmed by the Court's docket, Plaintiff failed to dispute any of the material facts enumerated in Wal-Mart's Local Rule 56.1 Statement of Uncontested Material Facts. Dkt. No. 19-2. Those undisputed facts follow.

On the evening of February 4, 2015, Plaintiff drove to the Wal-Mart located in Jesup, Georgia with her three year-old grandson. It was raining fairly hard. Plaintiff placed her grandson in the child's seat of a shopping cart. While Plaintiff

was shopping, her grandson attempted to exit his seat. She turned quickly to prevent him from falling. The next thing she knew, she was on the floor. She does not know if there was anything on the floor that caused her to fall. She does not know what her feet did to cause the fall. She did not see anything on the floor before or after she fell. She does, however, recall that there was some amount of wetness on her pants after the fall. She cannot recall the size of the wet spot on her pants. Throughout the entire experience on February 4, 2015, she never observed any liquid or hazard on the floor at the Jesup Wal-Mart. As explained below, when these facts are placed in the context of Georgia's premises liability law, they entitle the Defendant to judgment as a matter of law.

## CONCLUSIONS OF LAW

The summary judgment standard has stood the test of time and still requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Georgia premises liability, too, is fairly settled. "[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary

AO 72A
(Rev. 8/82)

care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger, 493 S.E.2d 403, 414 (Ga. 1997). To win any negligence case, a plaintiff must prove duty, breach of duty, proximate causation, and damages. See Black v. Ga. S. & Fla. Ry. Co., 415 S.E.2d 705, 707 (Ga. Ct. App. 1992). No jury, however, is appropriate when there is no evidence of causation. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." Hobday v. Galardi, 598 S.E.2d 350, 352 (Ga. Ct. App. 2004). So while issues of proximate cause are ordinarily reserved for a jury, summary judgment is appropriate where the plaintiff does not know of a cause or has no evidence to prove one. Id.

Although there are many Georgia cases granting summary judgment to a premises owner where causation is built only on speculation, Christopher v. Donna's Country Store lines up quite closely with the facts of this case and illustrates clearly how to apply the well-worn law. 511 S.E.2d 579 (Ga. Ct. App. 1999). In Christopher, plaintiff alleged that she slipped on something greasy in a parking lot, didn't see anything on the ground after she fell, and didn't know why she fell. She did, however, notice some amount of grease on her clothes after her fall. Id. at 580. She argued that a jury could infer that perhaps the grease on her

clothes came from the ground and perhaps the grease on the ground caused her to fall. Id. The Christopher court, understandably, found that plaintiff's "speculations, taken in the light most favorable to her, are merely conclusions and are probative of nothing." Id. (quotation marks and citation omitted); cf. Kent v. Callaway Gardens Resort, Inc., No. 4:09cv70, 2010 WL 2528321, at *1, 6 (M.D. Ga. June 18, 2010) (summary judgment not appropriate when invitee had moisture on pants and felt water on floor with her hand). The Christopher case, then, was added to those where summary judgment was due.

So, too, must this case end in similar fashion. As in Christopher, Plaintiff admits she saw nothing on the ground before she fell, she didn't see anything on the ground after she fell, and she doesn't know why she fell. As in Christopher, she felt some amount of substance, here it was a "wet" substance, on her clothes. As in Christopher, she wants a jury to be able to speculate twice: first, that perhaps the wet area on her pants came from the floor, and second, that perhaps the wet substance also caused her to fall. Such speculation, squared here, is insufficient to create a jury issue on causation.

## CONCLUSION

Defendant is entitled to summary judgment. That much is clear. One final point to clarify: certain "newly discovered" evidence attempted to be submitted by the Plaintiff to avoid

4

summary judgment was properly excluded. Plaintiff waited until just before the deadline to oppose summary judgment to identify for the first time, by way of declaration, a witness who Plaintiff contends knows of important evidence. Turns out, that witness was Plaintiff's daughter-in-law whom Plaintiff knew of and had access to for approximately three years before the close of discovery. Dkt. No. 33. Although no one contested the Magistrate Judge's Order striking the daughter-in-law's declaration, it bears noting that the Order was both right and, given the circumstances, restrained.

**SO ORDERED**, this 4th day of October, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA